UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRICK JONES and TERRENCE
BRIDGEFORTH, Individually and on
behalf of all others similarly situated,

      Plaintiffs,

Case No:

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC,

      Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiffs, DARRICK JONES and TERRENCE BRIDGEFORTH, individually and on behalf of all others similarly situated bring this collective action for violations of the Fair Labor Standards Act ("FLSA") and state as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. Section 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. Section 201, *et seq*.

2.    Venue is proper in this District, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District with principal offices located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.    Plaintiff, DARRICK JONES, is a resident of the State of Georgia and over the age of 18.

4. Plaintiff, DARRICK JONES, began his employment with Defendant in February of 2011 and continued said employment until March of 2015.

5. Plaintiff, TERRENCE BRIDGEFORTH, is a resident of the State of Georgia and over the age of 18.

6. Plaintiff, TERRENCE BRIDGEFORTH, was employed by Defendant from May 5, 2014 until December 20, 2015.

7. Defendant is a publicly traded foreign corporation with its principal place of business located at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, 30092.

8. Defendant is subject to the jurisdiction of the FLSA, engaged in interstate commerce and earnings exceeding $500,000 in the prior 3 years.

9. Plaintiffs and those similarly situated are current and former employees of Defendant within the meaning of the FLSA, and Defendant employed them within three (3) years of the date this Complaint was filed.

10. Neither Plaintiff opted into the prior collective actions and incurred unpaid overtime hours, along with many other sales representatives without ever being paid a premium for those hours.

## FACTUAL ALLEGATIONS

11. Defendant is a wholly owned subsidiary of a publicly traded company, Fleetcor Technologies Inc. (symbol FLT) that has annual revenues that exceed $500,000.00 per annum.

12. Defendant employs inside sales representatives, upwards of one thousand or more, working in multiple offices selling gas cards to businesses.

13. Defendant provides fuel cards and workforce payment products to businesses, commercial fleets, oil companies, petroleum marketers and government entities throughout the

United States.

14.  At all times relevant to this Complaint, Plaintiffs and those similarly situated, worked for Defendant as inside sales representatives from within Defendant's office in Norcross Georgia.

15.  Plaintiffs and those similarly situated worked for a base salary in addition to commissions based on their sales numbers.

16.  Plaintiff, DARRICK JONES, was paid $32,000.00 per year hour plus commissions.

17.  Plaintiff, TERRENCE BRIDGEFORTH, was paid $35,000.00 per year plus commissions.

18.  Plaintiffs and those similarly situated worked over forty (40) hours routinely and with Defendant's knowledge and behest throughout their employment with Defendant.

19.  During the hiring process, Defendant, through its managers, represented to Plaintiffs and those similarly situated that the job was a forty (40) hour per week position.

20.  Plaintiffs when hired believed the salary was being paid for only a 40 hour work week.

21.  Plaintiffs and the class of similarly situated employees those regularly ad routinely worked over forty (40) hours each week with Defendant's knowledge and behest throughout their employment with Defendant.

22.  Shortly after their employment began, Plaintiffs superiors began to pressure, urge and encourage them and all other inside sales representatives to work beyond the scheduled 40 hours, including coming in early, staying late and working through lunches in order to meet goals and quotas and maximize sales.

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

23. Defendant, through its managers, encouraged and pressured Plaintiffs and those similarly situated to work as many hours as necessary to meet sales production numbers and any employees.

24. Plaintiffs were also made to believe through representations by Defendant that they were not entitled under the law to be paid for the overtime hours because they were salaried employees, as well as under the contention that any hours worked over 40 simply are not their responsibility under the law.

25. Initially, there was no time tracking methods used by the Defendant to track time worked by Plaintiffs and those similarly situated in the office.

26. Later, Defendant introduced a paper-based time tracking system. Plaintiffs and all other sales representatives were required to fill in blank spaces on timesheets provided by the Defendant.

27. However, Defendant's managers instructed Plaintiffs and all other similarly situated sales representatives not to put the true number of hours they worked on the paper timesheets. Instead, Plaintiffs and those similarly situated were told by Defendant's managers to place eight (8) hours worked per day, regardless of the number of hours worked; thus creating a de facto policy of working off the clock.

28. Defendant at one time also attempted to use some electronic system for recording hours, but that system failed.

29. During one short period of time, Defendant did instruct employees against working overtime and even represented that they would pay overtime wages, but very quickly is was "business as usual", the majority of sales reps working overtime hours without being paid and continually warned about hitting numbers and goals no matter how many hours it took.

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

30.     Plaintiff Bridgeforth at one time reported the overtime hours on time sheets, but was never paid for the hours.  Defendant gave him the "run around", continuous excuses that they were "looking into it", and would get back to him.

31.     Eventually Bridgeforth, as well as others, simply were encouraged to drop the issue of complaints of not being paid overtime wages in order to keep their jobs.

32.     Defendants made it clear to Plaintiffs and all other sales representatives that production, sales and hitting matrix goals of phone calls were the prime objective and that they were to work as many hours as necessary to meet these goals and numbers or they would be terminated as employees.

33.     Even after the Complaint and Collective Action of *Miller v. Fleetcor* was made well known to the Defendant and numerous employees, Defendant continued up to the present to permit, encourage and pressure inside sales representatives to work over 40 hours without any premium paid for the wages.

34.     During the entire time Plaintiffs and those similarly situated worked for Defendant, Defendant knew that the inside sales representatives were working overtime and also working off the clock.

35.     Plaintiffs, like all other inside sales representatives were not entirely concerned over recording or documenting their hours since Defendant made it clear that they would not and do not pay overtime wages.

36.     Defendant's managers readily observed Plaintiffs and those similarly situated working overtime within the offices of Defendant.

37.     Plaintiffs and all similarly situated inside sales representatives, accessed electronic and computer systems, telephone, and e-mails, which would, if produced, help reflect the true

hours that they worked.

38. However, Defendants did not accurately record the hours of these non-exempt employees.

39. At all times material to this Complaint, Defendant failed to compensate Plaintiffs and all similarly situated inside sales representatives for overtime hours worked.

40. Defendant has litigated, or is currently litigating, collective actions with substantially similar claims in the United States District Court for the Northern District of Georgia: *Miller v. FleetCor Technologies Operating Company*, case number 1:13-CV-2403; which as of this writing may be resolved as from the latest filing on the Court Docket; and *Mintchev et al v. Fleetcor Technologies Operating Company*, case number 1:15-cv-03586, recently resolved.

41. Likewise, Defendant faced collective actions from other inside sales representatives in similar FLSA overtime wage claims such as in the case of *Brown and Gillard, et al.* v. *Fleetcor Technologies Operating Company*, Case Number 8:14-cv-02606.

42. Defendants well understand that the inside sales representatives they employ do not meet or satisfy any exemption under the FLSA.

43. It is unclear whether the Defendant here for the Plaintiffs misclassified them as Exempt employees, a clearly unlawful and erroneous position and action, or whether they simply just willfully refused to pay overtime wages for non-exempt employees and did not throughout the period of the 3 years preceding the filing of this Complaint properly and accurately record and track the hours inside sales representatives worked in violation of the FSLA.

44. The *Miller* Court has already heard and denied a motion for decertification.

45. Plaintiffs are not part of the collective classes that were certified in the above-

referenced cases.

46. The unlawful pay practices of Defendant have continued throughout the period of time these other prior lawsuits are and were pending up through the present, as even employees up through the filing of the complaint here were working overtime hours, with the knowledge of Defendant without being paid a premium for those hours.

47. In other words, Defendant has never changed its pay practices to bring it within compliance of the FLSA.

48. Plaintiffs did not negotiate or ever agree that their salaries were intended to pay them for all hours, and had they known that they were non-exempt employees under the FLSA when hired and entitled to a premium for overtime hours, they never would have agreed to the compensation plan provide and would have complained and objected to not being paid overtime wages for all hours worked over 40 in a work week.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs submit that there are others, similarly situated to themselves, who were denied overtime wages and who were not part of the previously filed collective action cases, such as Miller v. Fleetcor.

50. Upon information and belief, the class size during the relevant class period is upwards of 900 employees, just in the Georgia office.

51. Upon information and belief, 40% or less of the putative class has opted in and claimed their wages in the Miller case, and many other employees hired since the notice period ended also were subjected to the same unlawful pay practices such that the putative class at issue here remains still estimated at 550 who were not part of any prior collective action and whose rights under the FLSA are at issue and impacted by this case.

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

52. Plaintiffs, and all other similarly situated inside sales representatives handle either inbound or outbound calls to sell gas or fuel cards to businesses.

53. Inside sales representatives do not supervise 2 or more full time employees and thus cannot meet the Executive Exemption.

54. Inside sales representatives primary job duties do not involve the exercise of independent discretion and judgment in matters of significance, they are in the production aspect of Defendant's' business, selling its products and following scripts. Thus they cannot meet the Administrative Exemption.

55. Defendants know now, and have known for the past 3 years that inside sales representatives do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

56. Plaintiffs are micro managed and highly scrutinized on a daily and weekly basis with very little room if at all in deviating from strict regulated manners in which to perform their job duties and responsibilities.

57. Inside sales representatives do not have decision making authority.

58. Plaintiffs and all inside sales representatives work in a very high pressured, boiler room type environment.

59. Plaintiffs bring this suit on behalf of themselves and all others similarly situated and propose the following collective description:

> All persons who perform(ed) work for Defendant as inside sales representatives at any of its offices in the United States, under any title, such as Account Manager, Territory Manager Account Executive, Consultant, at any time within three (3) years of the filing

of this Complaint or who are currently employed by Defendant and who have not previously opted into any other collective cases against FleetCor Technologies Operating Company, LLC, or if they did, those persons who continued to work overtime hours after those cases resolved without being paid a premium for all overtime hours worked.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

60. Plaintiffs re-allege and incorporate by reference all above paragraphs as if fully set forth herein.

61. The FLSA requires employers to pay employees wages at a rate no less than one-and-a-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in individual work weeks. 19 U.S.C. § 207.

62. Defendant is an "employer" of Plaintiffs and those similarly situated within the meaning of the FLSA.

63. Defendant is an "enterprise" as defined by the FLSA and engaged in interstate commerce.

64. Plaintiffs and those similarly situated worked more than forty (40) hours in the workweeks going back three (3) years from the filing of this Complaint and did not receive overtime compensation for all of the overtime hours worked.

65. Plaintiffs and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

66. Defendant has willfully violated the FLSA and is liable for wages for a three (3) year period of time preceding the filing of this complaint.  Defendant has known for the past 3

Page **9** of **12**

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

years that the inside sales representatives were non-exempt employees, and continued refuse to compensate Plaintiff and the class of similarly situated for overtime hours worked.

67. Defendant did not make a good faith effort to comply with the FLSA and owes Plaintiffs and those similarly situated liquidated damages and an equal sum of all wages owed.

68. Defendant knew that the Plaintiffs and those similarly situated were working overtime hours and willfully refused to pay Plaintiffs and all similarly situated inside sales representatives overtime pay at one and a half time their regular rate of pay for all overtime hours worked.

69. Defendant also has failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay including the value of all commissions and bonuses earned.

70. Defendant has also violated the record keeping provision of the FLSA, 29 CFR 516.2, which mandates that an Employer record and track the hours of non-exempt employees.

71. Because of these unlawful pay practices, which have continued in the past three years up through the present, Plaintiffs and those similarly situated have suffered lost wages and damages.

WHEREFORE, Plaintiffs and those similarly situated request from this Court:

a. An order certifying this as a collective action;

b. Appointment of the Plaintiffs as class representatives;

c. Appointment of the undersigned as attorney of record for the collective class;

d. Authorization for the issuance of a notice to all similarly situated former and current inside sales representatives of Defendant that apprise the

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

   putative class and notify them of the pendency of this action and provides them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

e. Judgement finding Plaintiffs and those similarly situated are entitled to overtime pay at one and a half times their regular rate;

f. Judgement against the Defendant finding they violated the FLSA;

g. Judgement against the Defendant finding they acted willfully and in bad faith;

h. Award of monetary damages for unpaid wages;

i. Award of monetary damages for liquidated damages under the FLSA;

j. Special award to Plaintiffs for service as class representatives;

k. Award of reasonable attorneys' fees, costs, and expenses; and

l. Such other equitable or legal relief the Court should deem necessary and just including the entry of an Injunction barring the Defendant from continuing to violate the FLSA by failing to pay overtime wages to inside sales representatives.

Dated: April 4, 2016

Page **11** of **12**

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366

Respectfully submitted,

FELDMAN LAW GROUP P.A.

_____

Mitchell L. Feldman, Esquire
Georgia Bar No.: 257791
FELDMAN LAW GROUP P.A.
1201 Peachtree Street
Colony Square, Suite 200
Atlanta, GA 30361
Tel: (813) 639-9366
Fax: (813) 639-9376
E-Mail: mfeldman@ffmlawgroup.com

Page **12** of **12**

--Feldman Law Group, P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366