UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRICK JONES and<br>TERRENCE BRIDGEFORTH,<br>Individually and on Behalf of All<br>Others Similarly Situated,<br><br>   Plaintiffs,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES<br>OPERATING COMPANY, LLC,<br><br>   Defendant. | CIVIL ACTION NO.:<br>1:16-cv-01092-TCB |

## JOINT MOTION TO SUBMIT PROPOSED SETTLEMENT AGREEMENT TO THE COURT FOR *IN CAMERA* REVIEW

Plaintiffs Darrick Jones and Terrence Bridgeforth, individually and on behalf of the opt-in plaintiff class they represent (collectively, "Plaintiffs"), and Defendant FleetCor Technologies Operating Company, LLC ("FleetCor") jointly move the Court to review the proposed collective action settlement agreement entered into by the parties in this action *in camera* so it can remain confidential without becoming a public record in the court file, pursuant to the terms of the settlement agreement. The grounds for this joint motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

The parties in this action have reached a proposed settlement of their claims and defenses and, contemporaneously with this motion, have filed a joint motion seeking the Court's approval of the proposed settlement and dismissal of this action with prejudice. The parties have executed a confidential collective action settlement agreement ("Agreement"), which will not be effective unless and until it is approved by the Court.

The parties request that the Court permit the parties to submit the Agreement to the Court for *in camera* review. The parties believe that it is appropriate for the Court to depart from the general policy of public filings due to the unique aspects of this case and the particular legal requirements for a valid settlement of claims under the Fair Labor Standards Act ("FLSA"). In the Eleventh Circuit, a settlement of an action involving claims of unpaid overtime under the FLSA must be presented to and approved by the Court to be effective. 29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In this case, the parties have carefully negotiated a settlement in this action in which the confidentiality of the parties' Agreement is an integral provision of

the overall settlement (and, thus, disclosure of the Agreement to the public would deny FleetCor the benefit of its bargain).

FleetCor insisted on a confidentiality request to the Court in this case. After a settlement of an FLSA collective action against FleetCor in 2015, settling plaintiffs sent communication to co-workers about settlement proceeds received. One settling plaintiff emailed her co-worker(s) digital photos of her settlement checks along with digital photos of herself posing in front of a new car (presumably, one purchased with the help of the settlement proceeds). In FleetCor's view, such inflammatory conduct after a settlement, of course, discourages settlements of disputed claims. Without taking a position on the propriety of the prior settling plaintiffs' actions, Plaintiffs in this action have agreed to join FleetCor in requesting confidential review of the settlement in this case.

Moreover, FleetCor is in the process of resolving two other FLSA actions pending in the United States District Court for the Northern District of Georgia containing similar allegations regarding unpaid overtime. Maintaining confidentiality of the settlement terms in each pending action would help prevent the settlement of one action from unnecessarily influencing (or even disrupting) the settlement of another. *See Swarthout v. Ryla Teleservices, Inc.*, Cause No. 4:11–

CV–21–PRC 2012 WL 5361756, at *3-5 (N.D. Ind. Oct. 30, 2012) (finding good cause to file FLSA settlement agreement under seal where the employer was attempting to resolve multiple FLSA lawsuits in other jurisdictions with similar allegations).

By allowing for *in camera* review of the Agreement, the Court can consider the settlement for approval and still foster the policy of encouraging parties to resolve their disputes. The parties request that the Court maintain the Agreement for the period of time necessary for the Court to consider the parties' joint motion to approve the settlement. The parties further request that the Court return the Agreement to FleetCor's counsel after the Court has completed its review of the Agreement and ruled on the parties' joint motion to approve the settlement.

Requests for confidential review of settlement terms are common in FLSA settlements. Numerous federal court judges in the Eleventh Circuit have permitted parties to FLSA settlements to submit settlement agreements to the court for review without having to file the settlement agreements in the public record.[1] *See,*

---

[1] It should come as no surprise that the majority of decisions cited herein were issued by Florida district courts, as Florida sees a disproportionately high number of FLSA lawsuits each year in comparison to other jurisdictions across the country. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009) (noting that "[a] Westlaw and LexisNexis search of FLSA case law reveals that a surprisingly large number of the published and unpublished district court decisions regarding the FLSA originate in [the Middle District of Florida]"); *see also*

4

e.g., <u>Northern District of Georgia</u>: *Yates v. Discrete Wireless, Inc. et al.*; Case No. 1:15-cv-03549-ELR (N.D. Ga. April 6, 2016) (Ross, J.) (finding good cause for permitting *in camera* review of FLSA settlement); *Roman v. The Home Depot*, Case No. 1:12-cv-2355 (N.D. Ga. Dec. 14, 2012) (Forrester, J.) (permitting in camera review of FLSA settlement agreement and granting joint motion to file agreement under seal); *Silvey v. Alfa Mutual Ins. Co.,* No. 09–C–164 (N.D. Ga. Sept. 8, 2010) (permitting sealing of FLSA settlement agreement) (O'Kelley, J.); <u>Southern District of Alabama</u>: *Holt v. Waffle House, Inc.,* 06–CV–2 (S.D. Ala. Nov. 16, 2007) (Bivins, Mag. J.); <u>Middle District of Florida</u>: *Adams, et al v. Senior Home Care Inc., et al,* Case No. 8:14-cv-2771 (M.D. Fla. Sept. 15, 2015) (Moody, J.) (order granting in camera review of FLSA settlement agreement); *Davin v. Camp Nebraska, Inc.,* Case No. 8:14-cv-00974 (M.D. Fla. Oct. 14, 2014) (Moody, J.) (same); *Jackson v. Lincare, Inc.*, Case No. 8:11-cv-02653 (M.D. Fla. Apr. 2, 2012) (Wilson, Mag.) (same); *Rojas v. MK Automotive, Inc.*, Case No. 11-cv-00798 (M.D. Fla. Dec. 20, 2011) (Kovachevich, J.) (same); *Doimeadios v. Jason's Hauling, Inc., et al.*, Case No. 09-cv-1003 (M.D. Fla. July 9, 2010)

---

Jacqueline Bell, *Florida, NY Top List Of Busiest Courts For FLSA Suits*, Law360 (May 2, 2015, 3:05 PM), http://www.law360.com/articles/650465/florida-ny-top-list-of-busiest-courts-for-flsa-suits (providing data on the number of lawsuits filed annually under the FLSA by jurisdiction and noting that "Florida has long been an epicenter of FLSA litigation").

5

(Lazarra, J.) (same); *King v. Wells Fargo Home Mortgage*, No. 2:08-CV-307-FTM29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving FLSA settlement agreement following in camera review); Southern District of Florida: *El Amir v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21148 (S.D. Fla. Sept. 10, 2012) (Zloch, J.) (paperless order granting motion for leave to submit settlement agreement to the court for in camera review); *Riveron v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21156 (S.D. Fla. Aug. 4, 2012) (Simonton, Mag.) (order granting motion for in camera review of FLSA settlement agreement); *Prada v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20831 (S.D. Fla. Apr. 20, 2012) (Moore, J.) (paperless notice of court practice upon notice of settlement); *Singh v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20954 (S.D. Fla. Apr. 10, 2012) (Scola, J.) (order granting in camera review of FLSA settlement agreement); *Nicholas v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21144 (S.D. Fla. Apr. 3, 2012) (Martinez, J.) (same); *Khan v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20217 (S.D. Fla. Dec. 7, 2011) (King, J.) (same); *Cruz v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21036 (S.D. Fla. Nov. 18, 2011) (Jordan, J.) (same); *Heredia v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20830 (S.D. Fla. Nov. 18, 2011) (Simonton, Mag.) (same); *Paul v. H&R Block Eastern Enterprises, Inc.*, Case No.

11-cv-21083 (S.D. Fla. Nov. 18, 2011) (Simonton, Mag.) (same); *Norris v. H&R Block Eastern Enterprises, Inc.,* Case No. 11-20197 (S.D. Fla. Oct. 31, 2011) (Jordan, J.) (same); *Hardemon v. H&R Block Eastern Enterprises, Inc.,* Case No.: 11-cv-20193 (S.D. Fla. Sept. 22, 2011) (Moore, J.) (paperless notice of court practice upon notice of settlement); *Illano v. H&R Block Eastern Enterprises, Inc.,* Case No: 09-22531 (S.D. Fla. Sept. 21, 2011) (McAliley, Mag.) (order granting motion to seal settlement agreement, finding the existence of other FLSA lawsuits against the company "good cause" for sealing the individual settlement); *Descrescente v. H&R Block Eastern Enterprises, Inc.,* Case No. 11-20198 (S.D. Fla. Aug. 15, 2011) (Ungaro, J.) (order granting in camera review of FLSA settlement agreement); *Greene v. H&R Block Eastern Enterprises, Inc.,* Case No. 1:11-cv-20190 (S.D. Fla. July 28, 2011) (Goodman, Mag.) (same); <u>Northern District of Florida</u>: *Krpata v. Kasco Servs. Corp.,* Case No. 4:13-cv-427 (N.D. Fla. Feb. 11, 2014) (Walker, J.) (same) (the referenced orders are attached hereto as Composite Exhibit A).

District courts outside the Eleventh Circuit similarly have permitted FLSA settlement agreements to be reviewed in camera or filed under seal, including where other FLSA collective actions remained pending against the defendant. *See, e.g.,* <u>Second Circuit</u>: *Suda v. Sushiden Corp.,* No. 10 Civ. 5692(JGK), 2011 WL

1210206 (S.D.N.Y. March 23, 2011) (applying balancing test in *United States v. Amodeo*, 71 F.3d 1044, 1050-52 (2d Cir. 1995), to an FLSA settlement and finding a sufficient showing to redact the amount of settlement payments from the settlement agreement filed publicly and permitting the parties to file the unredacted settlement agreement under seal); <u>Seventh Circuit</u>: *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21-PRC, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012) (granting motion to file FLSA collective action settlement agreement under seal, where the defendant was in the process of resolving multiple pending FLSA lawsuits and confidentiality was a material term of the parties' settlement agreement); <u>Eighth Circuit</u>: *Williams v. BPV Mkt. Place Inv'rs, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014) (allowing FLSA settlement agreements containing confidentiality provisions to remain under seal); <u>Ninth Circuit:</u> *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009) (approving FLSA settlement agreement following in camera review).[2]

---

[2] The parties recognize that other respected federal district court judges have required settlement agreements to be filed publicly based on the notion that the public has an interest in settlements of wage claims. *See, e.g., Dees v. Hydradry*, 706 F. Supp. 2d 1227 (M.D. Fla. April 19, 2010) (Merryday, J.); *Hanson v. Wells Fargo Bank*, No. 08-80182-Civ., 2009 WL 1490582 (S.D. Fla. May 26, 2009) (Ryskamp, J.). However, FleetCor disagrees with the conclusion that there is a unique public interest in FLSA settlements that differs from other types of

By allowing for *in camera* review of the Agreement in this case, the Court will "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. This motion is accompanied by a proposed Order, which is attached hereto as Exhibit B.

---

employment cases. The public filing of settlement agreements is not required by the FLSA nor its regulations, and numerous other methods exist by which employees are given notice of FLSA rights and responsibilities. These methods include, among others, the FLSA and regulations themselves, information on the Department of Labor ("DOL") website (www.dol.gov), the notice-posting requirements in FLSA regulations (required by 29 C.F.R. § 516.4 (WH Form 1088)), and DOL enforcement actions (*see* 29 U.S.C. §217).

Perhaps more importantly, FleetCor contends that a settlement is not a judgment against the employer and in no way constitutes an admission of wrongdoing or "notice" of any rights or responsibilities. The public interest in FLSA settlements is no different from settlements of employment discrimination cases pursued under important civil rights statutes that have a "public-private" character, yet employment discrimination cases are routinely settled confidentially. FleetCor's view that confidential FLSA settlements are permissible is bolstered by the fact that numerous federal judges in the Eleventh Circuit have routinely granted confidential review of FLSA settlements in spite of the *Dees* and *Hanson* decisions. (See Composite Exhibit A)

Indeed, FleetCor contends that *Lynn's Food's* teaching is in some tension with the decisions mandating public filing of FLSA settlements. 679 F.2d at 1353. A requirement to publicly file a settlement deters settlements from occurring. *Lynn's Food* counsels district courts to review the fairness of the *settlement to the employee who asserted the claim*, not whether it is in the interest of the general public. To be sure, a lost settlement due to the inability to settle publicly serves only to *harm* the interests of the employee who, with assistance of counsel, reaches agreed terms of a confidential settlement. At a minimum, it is not the law of the Eleventh Circuit to require the public filing of settlement agreements involving FLSA claims. The decision to accept and review this settlement agreement confidentially lies solely within this Court's discretion.

9

PD.21773124.1

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court review the collective action settlement agreement entered into by the parties in this action *in camera* so that it can remain confidential without becoming a public record in the court file.

Date: July 24, 2017

Respectfully submitted,

/s/ Mitchell L. L. Feldman
  Mitchell L. Feldman, Esq.
    Georgia Bar No.: 257791
    mlf@feldmanlegal.us
  1201 Peachtree Street
  Colony Square, Suite 200
  Atlanta, GA 30361
  Telephone: (813) 639-9366
  Facsimile: (813) 639-9376

  Attorney for Plaintiffs

/s/ Dennis M. McClelland
Dennis M. McClelland *(admitted pro hac vice)*
  Fla. Bar. No.: 091758
Jason A. Pill *(admitted pro hac vice)*
  Fla. Bar No.: 70284
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone: (813) 472-7550
Email: dennis.mcclelland@phelps.com
      jason.pill@phelps.com

   -and-

        Susan W. Furr *(admitted pro hac vice)*
         LA Bar Roll No.: 19582
        Michael Victorian *(admitted pro hac vice)*
         LA Bar Roll No.: 36065
        PHELPS DUNBAR LLP
        400 Convention Street, Suite 1100
        P.O. Box 4412
        Baton Rouge, LA 70821
        Telephone: (225) 346-0285
        Facsimile: (225) 381-9197
        Email: Susie.Furr@phelps.com
              Michael.victorian@phelps.com

        -and-

        James J. Swartz, Jr. (GA 694319)
        Teeka K. Harrison (GA 543115)
        POLSINELLI PC
        1201 West Peachtree Street NW
        Suite 1100
        Atlanta, GA 30309
        Telephone: (404) 253-6000
        Facsimile: (404) 253-6060
        Email: tharrison@polsinelli.com
              jswartz@polsinelli.com

        Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRICK JONES and<br>TERRENCE BRIDGEFORTH,<br>Individually and on Behalf of All<br>Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES<br>OPERATING COMPANY, LLC,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.:<br>) 1:16-cv-01092-TCB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to the following counsel of record:

Mitchell L. Feldman, Esq.
  Georgia Bar No.: 257791
  mlf@feldmanlegal.us
1201 Peachtree Street
Suite 200
Atlanta, GA 30361
Telephone: (877) 946-8293
Facsimile: (813) 639-9376
Counsel for Plaintiffs

/s/ Dennis M. McClelland
Counsel for Defendant