# COMPOSITE
# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT YATES and ERICA WHITE, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>DISCRETE WIRELESS, INC.;<br>FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC;<br>and FLEETCOR TECHNOLOGIES, INC., all d/b/a Nextraq,<br><br>　　　　　Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | 1:15-CV-03549-ELR |

---

**O R D E R**

---

The parties have filed a Joint Motion to Submit Proposed Settlement Agreement to the Court for *In Camera* Review (Doc. No. 31).  The parties explain that they have reached a proposed settlement in this collective action.  They ask that the Court review the parties' settlement agreement *in camera* so that it may remain confidential without becoming a public record.  The parties further request that the Court maintain the settlement agreement for the period of time necessary for the Court to consider the parties' joint motion to approve the settlement and

then return the settlement agreement to Defendants' counsel after the Court has completed its review.

For good cause shown, the Court finds that an *in camera* review of the settlement agreement is appropriate. However, the Court further finds that the best course is for the parties to file the settlement agreement under seal, rather than the parties' proposed plan of sending the Court the agreement and the Court returning the agreement to the parties after its review.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the parties' Joint Motion to Submit Proposed Settlement Agreement to the Court for *In Camera* Review (Doc. No. 31) and **DIRECTS** the parties to file the settlement agreement under seal so that it may remain confidential.

**SO ORDERED**, this 6th day of April, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

2

Case 1:12-cv-02355-JOF   Document 12   Filed 12/17/12   Page 1 of 2

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 17 2012

JAMES N. HATTEN, CLERK

By: Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAROL ROMAN,                      )
                                  )
                Plaintiff,        )
                                  )
        v.                        )     Case No. 1:12-CV-02355-JOF
                                  )
THE HOME DEPOT, INC.              )
                                  )
                Defendant.        )

### ORDER

This matter is before the court on the parties' Joint Motion to File Under

Seal and notice thereof.

The present action was brought by Plaintiff under the Fair Labor Standards

Act, 20 U.S.C. § 201. *et seq* ("FLSA").  The Eleventh Circuit held in *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), that there

cannot be private settlement of claims under the FLSA.  Rather, settlements must

either be approved by the Department of Labor or the district court.  Plaintiff and

Defendant's Joint Motion for Approval of Settlement and Joint Stipulation of

Dismissal With Prejudice requests that the court review and approve the parties'

proposed settlement agreement.  The court has done so, and the parties' Joint

Motion for Approval is GRANTED.

On December 13, 2012, in accordance with this court's Revised Case Instructions, the parties sent to chambers a Joint Motion to File Under Seal and certain relevant documents for *in camera* review, including a proposed settlement agreement.  The court GRANTS the Joint Motion to File Under Seal.  The Clerk of the Court is DIRECTED to file the Settlement Agreement under seal.

The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE this case and to terminate all pending motions and deadlines as moot, and close the file.

**DONE** and **ORDERED**, this _14th_ day of December, 2012.

_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

NANCY SILVEY,                          :
                                       :
    Plaintiff,                      :
                                       :
                                       :        CIVIL ACTION
v.                                     :        NO. 2:09-CV-0164-WCO
                                       :
ALFA MUTUAL INSURANCE                  :
COMPANY,                               :
                                       :
    Defendant.                      :

### ORDER

The captioned matter is before the court pursuant to a hearing on July 14, 2010,

for the purpose of proving a settlement for this action.  The court heard arguments

from the parties and a proposed settlement agreement was submitted. After the court's

objection to one provision, the settlement agreement was revised and represented to

the court.  That agreement is hereby **APPROVED** and the parties are authorized to

consummate settlement in accordance therewith.  At the request of the parties the

agreement is hereby **SEALED** and filed with the clerk of court and the clerk is

authorized to unseal the settlement agreement after twenty-four (24) months.

**IT IS SO ORDERED**, this 8th day of September, 2010.


                s/*William C. O'Kelley*
                WILLIAM C. O'KELLEY
                Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DIANE HOLT, et al.,                     *
                                        *
        Plaintiffs,                     *
                                        *
vs.                                     *        CIVIL ACTION 06-00002-B
                                        *
WAFFLE HOUSE, INC.,                     *
                                        *
        Defendant.                      *

ORDER

This action is before the Court on the parties' joint motion
to approve settlement and motion to file under seal the parties'
full and final agreement of the resolution of all claims. (Docs.
230, 234). In an order dated October 4, 2007 (Doc. 236), the Court
preliminarily approved the proposed final settlement agreement and
scheduled a fairness hearing for November 15, 2007. Additionally,
the Court authorized the issuance of a Notice of Resolution to the
Named Plaintiffs and the Opt-in Plaintiffs. The notice included a
copy of the final agreement, and information about the Plaintiffs'
right to file objections to the agreement. The Plaintiffs were
also apprised of the fairness hearing.

Diane Holt and twelve other Named Plaintiffs initiated this
action involving alleged violations of the Fair Labor Standards
Act, 29 U.S.C. § 201, et seq., ("the FLSA"), on behalf of
themselves and other similarly situated persons in January 2006
(Doc. 1). Specifically, the Named Plaintiffs alleged that sales

persons were not properly compensated for the time spent performing grill, or cooking duties, and that the Company overrode or deducted hours from the actual hours sales persons worked such that sales persons received no compensation for time spent cooking although the hours were worked. In an Order dated October 18, 2006 (Doc. 86), the Court granted the Plaintiffs' Motion for Conditional Class Certification pursuant to 29 U.S.C. § 216(b).

At a status conference conducted on August 23, 2007, counsel for the parties reported that an agreement had been reached, and requested permission to file the agreement under seal. The undersigned preliminarily granted the parties' request to file the agreement under seal, but expressly withheld a final decision regarding the appropriateness of sealing the document until after the parties were afforded an opportunity to brief the issue. (Doc. 229). Subsequent thereto, the parties filed the agreement under seal, and filed a brief in support of their request to have the document maintained under seal. (Doc. 234). On November 15, 2007, the fairness hearing was conducted. Two of the Named Plaintiffs, Diane Holt and Rochelle Barren, attended the hearing as did counsel for the parties.

In reviewing the settlement of a FLSA private claim, a court must "scrutinize the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide

dispute over FLSA provisions." <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1352-53 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]...the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354. Afer a review of the pleadings in this case, including the agreement and the pleadings submitted at the fairness hearing, and consideration of the representations of counsel at the hearing, the Court is satisfied that the settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions[1]." Accordingly, the Court finds that the settlement should be approved.

Defendant seeks to have the final settlement agreement kept under seal on the grounds that 1) there has been no determination of liability against Waffle House in the agreement; thus, there are no actions for which Waffle House should or must be held accountable, 2) all individuals with an interest have received notice of the agreement and an opportunity to review it, and 3)

---

[1]In reaching this decision, the Court has taken into account the fact that each of the named Plaintiffs and Opt-in Plaintiffs were provided with a copy of the agreement, notice of the fairness hearing and notice of their right to file objections to the agreement; however, no objections were filed or presented at the fairness hearing.

the agreement contains sensitive business information and trade secrets such that Waffle House would be harmed if its competitors were able to obtain such information.

There is a common-law presumption that judicial records are public documents. <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978); <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F. 3d 1304, 1311 (11th Cir. 2001). The presumption of public access to settlements of FLSA actions is particularly strong. <u>Powell v. Sanders Engineering & Analytical Services, Inc.</u>, CV 06-00472-CG-B, (S.D. Ala. July 5, 2007); <u>Stalnaker v. Novar Corp.</u>, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger "the national health and well-being." <u>Id</u>. (quoting <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 706-707, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945)). Accordingly, the fact that there has been no objection to the request to seal the FLSA agreement is "inconsequential." <u>Id</u>. As the primary representative of the public's interest in the judicial process, a judge may not rubber stamp a stipulation to seal the record, but is duty-bound to review a request to seal any part of the record. <u>Id</u>.; <u>Citizens First</u>

4

Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F. 3d 943, 945 (7th Cir. 1999).

Turning to the case at hand, the Court finds that the first two grounds advanced by Defendant Waffle House do not constitute compelling reasons for sealing the agreement. Whether or not Waffle House has admitted liability does not lessen the public's interest in the settlement of this FLSA action, nor does the fact that the Named Plaintiffs and Opt-in Plaintiffs have received a copy of the agreement. With respect to the third ground, sensitive business information, the Court finds that Waffle House demonstrated at the fairness hearing that the agreement contains confidential information regarding the company's pay structure and employee incentive plan, and that the Company would be harmed if this sensitive information was released to its competitors. Accordingly, the parties' request to seal the agreement is granted; however, the pleadings submitted by Plaintiffs' counsel at the fairness hearing (except the attorneys' billing records) are to be filed as part of the open record, as they contain important information which was utilized by the Court in determining the reasonableness of the settlement, including the attorneys' fee provision. The Clerk is thus DIRECTED to file Plaintiffs' Submission in Support of Approval of the Proposed Final Order in this Case and in Support of Plaintiffs' Attorneys' Fees and Expense

Provision of the Settlement, and the documents referenced therein, except for the attorneys' billing records.  The attorneys' billing records are to be filed under seal.  Finally, the parties' request to seal the record of the fairness hearing is DENIED because any references to Waffle House's pay structure and employee incentive plan are innocuous at best in the absence of the provisions set forth in the settlement agreement, which are to remain under seal.

For the reasons stated above, the parties' settlement agreement is approved.  The settlement agreement shall remain under seal, and the pleadings submitted at the Fairness Hearing are to be docketed in accordance with Court's instructions detailed above.

DONE this **15th** day of **November, 2007.**

                    /S/ Sonja F. Bivins
               UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LORRAINE ADAMS, et al.,

      Plaintiffs,

v.                               Case No: 8:14-cv-2771-T-30TBM

SENIOR HOME CARE, INC. and
LYNNE HEBERT,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion to Submit Settlement Agreement to the Court for In Camera Review (Dkt. #50).   Upon review and consideration, it is

ORDERED AND ADJUDGED that the Joint Motion to Submit Settlement Agreement to the Court for In Camera Review (Dkt. #50) is granted to the extent that the parties shall file with the Clerk of Court a copy of the parties' confidential settlement agreement under seal for the Court's *in camera* review.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Case 8:14-cv-00974-JSM-EAJ   Document 24   Filed 10/14/14   Page 1 of 1 PageID 132

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DONALD DAVIN,

      Plaintiff,

v.                          Case No: 8:14-cv-974-T-30EAJ

CAMP NEBRASKA, INC.,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion to Submit Settlement Agreement to the Court for In Camera Review (Dkt. 22). Upon review and consideration, it is therefore ORDERED AND ADJUDGED that the Joint Motion for In Camera Review is granted to the extent that the parties shall file with the Clerk of Court a copy of the parties' confidential settlement agreement under seal for the Court's *in camera* review.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of October, 2014.

                                        JAMES S. MOODY, JR.
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-974 grant in camera review.docx

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DARREL K. JACKSON, on his own
behalf and others similarly situated,

        Plaintiff,

v.                            CASE NO.: 8:11-CV-02653-TGW

LINCARE, INC.,

        Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is

**ORDERED** and **ADJUDGED** that the Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendant, without filing.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this ____ day of _____, 2012.

                                Thomas G. Wilson
                                United States Magistrate Judge

Copies to:    Counsel of Record

PD.6111308.2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:11-CV-00798-KOVACHEVICH/PIZZO

GUENY ROJAS,

     Plaintiff,

v.

MK AUTOMOTIVE, INC.

     Defendant.

_____ /

## ORDER

    This matter came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and the principals of the Fair Labor Standards Act as articulated in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and, therefore, it is

    **ORDERED AND ADJUDGED** that the Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion and Memorandum of Law Requesting Approval of Settlement Agreement and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendant, without filing.

PD.5563145.1

**DONE AND ORDERED** in Chambers at Tampa, Florida, this ___ 20th day of ___ DEC
2011.

Elizabeth A. Kovachevich
United States District Judge

Copies to:   Counsel of Record

PD.5563145.1

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUAN DOIMEADIOS, on behalf of,
himself and those similarly situated,

     Plaintiff,

                          CASE NO.: 8:09-CV-1003-T-26MAP

vs.

JASON'S HAULING INC., a Florida
corporation, and JASON FREYRE,
Individually,

     Defendants.
                               /

### ORDER

This matter came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreements to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is

**ORDERED AND ADJUDGED** that the Parties may submit their settlement agreements to the Court for *in camera* review. The settlement agreements are confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion and Memorandum of Law Requesting Approval of Settlement Agreements and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendants, without filing.

PD.4012861.1

DONE AND ORDERED this 9 day of _____, 2010 in Chambers in

Hillsborough County, Florida.

THE HONORABLE RICHARD A. LAZARRA
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

2

King v. Wells Fargo Home Mortg., Not Reported in F.Supp.2d (2009)

2009 WL 2370640

KeyCite Yellow Flag - Negative Treatment

Declined to Follow by Joo v. Kitchen Table, Inc., S.D.N.Y., February 3, 2011

2009 WL 2370640

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, M.D. Florida, Fort Myers Division.

Bradford T. KING, Plaintiff,

v.

WELLS FARGO HOME MORTGAGE a division of Wells Fargo Bank, N.A., Defendant.

No. 2:08–cv–307–FtM–29SPC.
|
July 30, 2009.

**Attorneys and Law Firms**

E. Nannette Piccolo, E. Nannette Piccolo, Esq., Lake Mary, FL, for Plaintiff.

Jonathan A. Beckerman, Gaye L. Huxoll, Littler Mendelson, PC, Miami, FL, for Defendant.

*OPINION AND ORDER*

JOHN E. STEELE, District Judge.

**\*1** This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. # 26), filed July 15, 2009, recommending that the parties' Joint Motion to Approve Settlement Agreement and General Release (Doc. # 22) be granted, the settlement approved, and the case dismissed. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright,* 681 F.2d 732 (11th Cir.1982), *cert. denied,* 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo, Garvey v.*

*Vaughn,* 993 F.2d 776, 779 n. 9 (11th Cir.1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U .S.C. § 636(b)(1) (C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. *See Cooper–Houston v. Southern Ry. Co.,* 37 F.3d 603, 604 (11th Cir.1994); *Castro Bobadilla v. Reno,* 826 F.Supp. 1428, 1431–32 (S.D.Fla.1993), *aff'd,* 28 F.3d 116 (11th Cir.1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge and approves the settlement as fair and reasonable. Although the Joint Stipulation for Final Order of Dismissal *With Prejudice* (Doc. # 23) requests the retention of jurisdiction over the enforcement of the settlement, the Settlement Agreement and General Release does not require it and the Court is not inclined to retain jurisdiction over its enforcement without an articulation of independent jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. # 26) is hereby **adopted** and the findings incorporated herein.

2. The parties' Joint Motion to Approve Settlement Agreement and General Release (Doc. # 22) is **GRANTED** and the Settlement Agreement and General Release, filed under seal, is approved as fair and reasonable.

3. The Clerk shall enter judgment dismissing the case with prejudice except as otherwise provided by settlement and without the Court retaining jurisdiction over enforcement of the settlement.

4. The Clerk is further directed to terminate all deadlines and motions, and close the file.

**DONE AND ORDERED.**

*REPORT AND RECOMMENDATION*

2009 WL 2370640

SHERI POLSTER CHAPPELL, United States Magistrate Judge.

## TO THE UNITED STATES DISTRICT COURT

This matter comes before the Court on the Defendant's Notice of Filing Joint Settlement Report and Settlement Agreement Under Seal Pursuant to Court's Order of June 24, 2009 (Doc. # 25) filed on July 9, 2009.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352–1355 (11th Cir.1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Pursuant to the Stipulation for Dismissal (Doc. # 23) and the Joint Settlement Report and Settlement Agreement (Doc. # 25), the parties have agreed to keep the terms of the settlement confidential. Accordingly, the parties submitted their Joint Settlement Report *in camera* for the Court's review.

**\*2** Upon review of the settlement report, the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney. Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA

Accordingly, it is now

## RESPECTFULLY RECOMMENDED:

The Joint Motion to Approve FLSA Settlement Agreement and General Release (Doc. # 22) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this *15th* day of July, 2009.

## All Citations

Not Reported in F.Supp.2d, 2009 WL 2370640

---

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| Sent: | Monday, September 10, 2012 10:30 AM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-21148-WJZ El Amir et al v. H & R Block Eastern Enterprises, Inc. Order on Motion for Leave to File |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 9/10/2012 at 10:30 AM EDT and filed on 9/10/2012
Case Name:       El Amir et al v. H & R Block Eastern Enterprises, Inc.
Case Number:    1:11-cv-21148-WJZ
Filer:
Document Number: 57(No document attached)

Docket Text:
**PAPERLESS ORDER granting [54] Motion for Leave to Submit Settlement Agreement to the Court for In Camera Review. The Parties have until Noon, on Wednesday, 9/12/2012 to submit their Settlement Agreement in camera for review. Signed by Judge William J. Zloch on 9/10/2012. (bc)**

**1:11-cv-21148-WJZ Notice has been electronically mailed to:**

Dennis Michael McClelland     dennis.mcclelland@phelps.com, erin.malone@phelps.com, malkowsl@phelps.com, solomonb@phelps.com

Jason Saul Remer     jremer@rgpattorneys.com, am@rgpattorneys.com

Reed Lock Russell     reed.russell@phelps.com, mccullyb@phelps.com

**1:11-cv-21148-WJZ Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Nancy El Amir(Terminated)
1623 Collins Avenue
Apt. 915
Miami Beach, FL 33139

Nicole Rahmings(Terminated)

18860 NW 10th Place
Miami, FL 33169

Shanicka Gaskin(Terminated)
15265 NW 18th Avenue
Miami, FL 33054

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21156-CIV-SIMONTON

CARY RIVERON,

     Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES, INC. d/b/a
H&R BLOCK,

     Defendant.

                            /

## ORDER GRANTING MOTION FOR IN CAMERA REVIEW

THIS CAUSE came before the Court upon the Parties' Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review (DE # 54). The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is hereby

ORDERED and ADJUDGED that the Motion is GRANTED. The Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendant, without filing.

DONE AND ORDERED in Chambers at Miami, Florida, on August 4, 2012.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to
All counsel of record

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| Sent: | Friday, April 20, 2012 4:54 PM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-20831-KMM Prada v. H & R Block Eastern Enterprises, Inc. d/b/a H & R Block Order Dismissing Case |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 4/20/2012 at 4:54 PM EDT and filed on 4/20/2012
**Case Name:**     Prada v. H & R Block Eastern Enterprises, Inc. d/b/a H & R Block
**Case Number:**   1:11-cv-20831-KMM
**Filer:**
**WARNING: CASE CLOSED on 04/20/2012**
**Document Number:** 39(No document attached)

**Docket Text:**
PAPERLESS NOTICE OF COURT PRACTICE UPON NOTICE OF SETTLEMENT. THIS CAUSE came before the Court upon the Mediator's Notice of Settlement [38]. THE PARTIES are hereby directed to file a copy of the settlement agreement with the Court no later than May 10, 2012. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled only with approval of the Court or the Secretary of Labor. The Parties are reminded that FLSA requires judicial review of the reasonableness of counsels legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. Silva v. Miller, 307 F. Appx 349, 351 (11th Cir. 2009). Thus, if the settlement agreement itself does not disclose the amount paid to the Plaintiff and counsel's attorney fees, they should be separately indicated. The Parties should also include in their filing any information that they believe is relevant to determining the fairness of the fee. If the Parties intend to keep the settlement agreement confidential, they may file the settlement agreement as a sealed document. If the Court approves the settlement, the Court will enter a final order of dismissal with prejudice. The Clerk of Court is instructed to CLOSE this case for administrative purposes. All pending motions are DENIED AS MOOT. Signed by Judge K. Michael Moore on 4/20/2012. (dwe)

**1:11-cv-20831-KMM Notice has been electronically mailed to:**

Anthony Maximillien Georges-Pierre     agp@rgpattorneys.com, am@rgpattorneys.com

Dennis A. Clifford    dclifford@seyfarth.com

Dennis Michael McClelland    dennis.mcclelland@phelps.com, erin.malone@phelps.com, malkowsl@phelps.com, solomonb@phelps.com

Jason Saul Remer    jremer@rgpattorneys.com, am@rgpattorneys.com

Kate L. Birenbaum    kbirenbaum@seyfarth.com

Reed Lock Russell    reed.russell@phelps.com, mccullyb@phelps.com

**1:11-cv-20831-KMM Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### Case No. 11-20954-Civ-SCOLA

DEOWANTI SINGH,

     Plaintiff,

vs.

H&R BLOCK EASTERN ENTERPRISES,

     Defendant.

_____/

#### ORDER GRANTING MOTION TO SUBMIT SETTLEMENT AGREEMENT TO THE COURT FOR *IN CAMERA* REVIEW

THIS MATTER is before the Court on the parties' Joint Motion to submit Settlement Agreement to the Court for *In Camera* Review (ECF No. 32.) Having considered the motion, the record, and the relevant legal authorities, it is **ORDERED** that the Motion is **GRANTED**. On or before **April 17, 2012**, the Plaintiff shall submit a copy of the settlement agreement reached in this matter to the Court for review.[1] *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (holding that in an action brought pursuant to the Fair Labor Standards Act, the court must scrutinize the settlement agreement for fairness). The parties may submit the proposed settlement agreement to the Court for *in camera* review via U.S. Mail, e-mail (scola@flsd.uscourts.gov), or hand-delivery. The Clerk shall *administratively close* this case pending the Court's review of the proposed settlement agreement. Any and all pending motions are denied as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 10, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*

---

[1] The Plaintiff may also submit additional materials to aid the Court in evaluating the fairness of the settlement agreement, including detailed time records of Plaintiff's counsel and a detailed invoice of fees and costs incurred in this matter.

Bonnie Solomon (7873)

| | |
|---|---|
| From: | cmecfautosender@flsd.uscourts.gov |
| Sent: | Tuesday, April 03, 2012 4:42 PM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-21144-JEM McDougal et al v. H&R Block Eastern Enterprises, Inc. Order on Motion for Leave to File |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 4/3/2012 at 4:41 PM EDT and filed on 4/3/2012
**Case Name:**       McDougal et al v. H&R Block Eastern Enterprises, Inc.
**Case Number:**     1:11-cv-21144-JEM
**Filer:**
**Document Number:** 46(No document attached)

**Docket Text:**
**Paperless ORDER granting [43] Motion for Leave to File. The parties are to fax the Settlement Agreement to Chambers for in camera review on or before April 4, 2012.. Signed by Judge Jose E. Martinez on 4/3/2012. (jci)**

**1:11-cv-21144-JEM Notice has been electronically mailed to:**

Anthony Maximillien Georges-Pierre    agp@rgpattorneys.com, am@rgpattorneys.com

Dennis Michael McClelland    dennis.mcclelland@phelps.com, malkowsl@phelps.com, solomonb@phelps.com

Reed Lock Russell    reed.russell@phelps.com, erin.malone@phelps.com, mccullyb@phelps.com

**1:11-cv-21144-JEM Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Jaquline McDougal(Terminated)
11511 SW 183rd Street
Miami, FL 33157

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 1:11-CV-20217-KING**

MIRTA KHAN,

     Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES, INC.
d/b/a H&R BLOCK,

     Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is

**ORDERED** and **ADJUDGED** that the Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendant, without filing.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7 day of *Dec* 2011.

                                       UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

Case 1:11-cv-21036-AJ   Document 26   Entered on FLSD Docket 11/18/2011   Page 1 of 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 1:11-CV-21036-JORDAN/BANDSTRA**

YUDENIA CRUZ,

      Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES,
INC. d/b/a H&R BLOCK,

      Defendant.

_____ /

**ORDER**

    **THIS CAUSE** came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is

    **ORDERED** and **ADJUDGED** that the Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential for the time necessary for the Court to review the terms of the Parties' settlement in conjunction with the Parties' "Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal" and, thereafter, shall be returned by the Court to counsel for Defendant, without filing, *unless the parties wish the court to retain jurisdiction.*

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of *November,* 2011.

                                 _____
                                 UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| Sent: | Friday, November 18, 2011 5:09 PM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-20830-AMS Heredia v. H & R Block Eastern Enterprises, Inc. Order on Motion for Leave to File |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2011 at 5:08 PM EST and filed on 11/18/2011
**Case Name:**      Heredia v. H & R Block Eastern Enterprises, Inc.
**Case Number:**    1:11-cv-20830-AMS
**Filer:**
**Document Number:** 39(No document attached)

**Docket Text:**
ENDORSED ORDER Granting [37] Joint Motion to Submit Settlement Agreement to the Court for In Camera Review. Upon review of the Motion, the undersigned finds that the Parties have shown good cause to file the Settlement Agreement under seal. Therefore, on or before Monday, November 28, 2011, the Parties shall file the Settlement Agreement under seal for the Court's review. Signed by Magistrate Judge Andrea M. Simonton on 11/18/2011. (par)


**1:11-cv-20830-AMS Notice has been electronically mailed to:**

Dennis A. Clifford    dclifford@seyfarth.com

Dennis Michael McClelland    dennis.mcclelland@phelps.com, cbrient@seyfarth.com, erin.malone@phelps.com, ETerre@seyfarth.com, jgimble@seyfarth.com, klehr@seyfarth.com, malkowsl@phelps.com, mtruong@seyfarth.com, smcnatt@seyfarth.com, solomonb@phelps.com

Jason Saul Remer    jremer@rgpattorneys.com

Kate L. Birenbaum    kbirenbaum@seyfarth.com

Reed Lock Russell    reed.russell@phelps.com, mccullyb@phelps.com

**1:11-cv-20830-AMS Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

| From: | cmecfautosender@flsd.uscourts.gov |
| Sent: | Friday, November 18, 2011 5:07 PM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-21083-AMS Paul v. H & R Block Eastern Enterprises, Inc. Order on Motion for Leave to File |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2011 at 5:06 PM EST and filed on 11/18/2011
**Case Name:**      Paul v. H & R Block Eastern Enterprises, Inc.
**Case Number:**    1:11-cv-21083-AMS
**Filer:**
**Document Number:** 38(No document attached)

**Docket Text:**
ENDORSED ORDER Granting [33] Joint Motion to Submit Settlement Agreement to the Court for In Camera Review. Upon review of the Motion, the undersigned finds that the Parties have shown good cause to file the Settlement Agreement under seal. Therefore, on or before Monday, November 28, 2011, the Parties shall file the Settlement Agreement under seal for the Court's review. Signed by Magistrate Judge Andrea M. Simonton on 11/18/2011. (par)


**1:11-cv-21083-AMS Notice has been electronically mailed to:**

Dennis A. Clifford    dclifford@seyfarth.com

Dennis Michael McClelland    dennis.mcclelland@phelps.com, cbrient@seyfarth.com, erin.malone@phelps.com, ETerre@seyfarth.com, jgimble@seyfarth.com, klehr@seyfarth.com, malkowsl@phelps.com, mtruong@seyfarth.com, smcnatt@seyfarth.com, solomonb@phelps.com

Jason Saul Remer    jremer@rgpattorneys.com

Kate L. Birenbaum    kbirenbaum@seyfarth.com

Reed Lock Russell    reed.russell@phelps.com, mccullyb@phelps.com

**1:11-cv-21083-AMS Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:11-20197-JORDAN/O'SULLIVAN

TERRY NORRIS,

        Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES,
INC. d/b/a H&R BLOCK,

        Defendant.

_____/

## ORDER

    **THIS CAUSE** came before the Court upon the Parties' "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review." The Court has examined the motion and finds the Parties' request to be appropriate in this action and consistent with Federal Rule of Civil Procedure 1 and, therefore, it is

    **ORDERED** and **ADJUDGED** that the Parties may submit their settlement agreement to the Court for *in camera* review. The settlement agreement is confidential and shall remain confidential. If the parties intend to request that the Court retain jurisdiction to enforce the settlement agreement, copy of the agreement, with confidential terms redacted, must be filed in the public record.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2011.

                           _____
                           Adalberto Jordan
                           UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

| From: | cmecfautosender@flsd.uscourts.gov |
| Sent: | Thursday, September 22, 2011 2:16 PM |
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-20193-KMM Hardemon v. H & R Block Eastern Enterprises, Inc. Administrative Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 9/22/2011 at 2:15 PM EDT and filed on 9/22/2011
Case Name:     Hardemon v. H & R Block Eastern Enterprises, Inc.
Case Number:   1:11-cv-20193-KMM
Filer:
WARNING: CASE CLOSED on 09/22/2011
Document Number: 80(No document attached)

Docket Text:
PAPERLESS NOTICE OF COURT PRACTICE UPON NOTICE OF SETTLEMENT. THIS CAUSE came before the Court upon the Parties' Joint Motion for Settlement Approval [78]. THE PARTIES are hereby directed to file a copy of the settlement agreement with the Court no later than October 3, 2011. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled only with approval of the Court or the Secretary of Labor. If the Parties intend to keep the settlement agreement confidential, they may file the settlement agreement as a sealed document. If the Court approves the settlement, the Court will enter a final order of dismissal with prejudice. The Clerk of Court is instructed to CLOSE this case for administrative purposes. All pending motions are DENIED AS MOOT. Signed by Judge K. Michael Moore on 9/22/11. (tas)

1:11-cv-20193-KMM Notice has been electronically mailed to:

Anthony Maximillien Georges-Pierre     agp@rgpattorneys.com, jcs@rgpattorneys.com

Dennis A. Clifford     dclifford@seyfarth.com

Dennis Michael McClelland     dennis.mcclelland@phelps.com, cbrient@seyfarth.com, erin.malone@phelps.com, ETerre@seyfarth.com, jgimble@seyfarth.com, klehr@seyfarth.com, malkowsl@phelps.com, mtruong@seyfarth.com, smcnatt@seyfarth.com, solomonb@phelps.com

1

Esteban Shardonofsky    sshardonofsky@seyfarth.com

Jason Saul Remer    jremer@rgpattorneys.com

Kate L. Birenbaum    kbirenbaum@seyfarth.com

Reed Lock Russell    reed.russell@phelps.com, erin.malone@phelps.com, mccullyb@phelps.com

Robert J. Carty , Jr    rcarty@seyfarth.com

**1:11-cv-20193-KMM Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22531-CIV-MCALILEY
(CONSENT CASE)

JOAQUIN LLANO,

       Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES
d/b/a H&R BLOCK

       Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the parties' Joint Motion to File Settlement Agreement under Seal [DE 214]. I have carefully considered the parties' arguments, and conclude that the settlement agreement should be sealed. Specifically, I find that the parties have shown good reasons to keep the settlement under seal that outweighs the public's right of access to the documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Accordingly, it is ORDERED that:

1.     The Motion to File Settlement Agreement under Seal [DE 214] is GRANTED.

2.     The parties shall file the settlement agreement under seal for this Court's approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), **no later than September 28, 2011.**

3.     Along with the settlement agreement, the parties shall also file a statement indicating the amount of Plaintiff's claim, the total amount of the settlement, how

much of that settlement will be used for attorneys' fees and costs, and how much

will be paid to Plaintiff.  The statement must also set forth the basis upon which

Plaintiff's attorney is recovering fees and costs: if compensation is based on an

hourly rate, the statement must include the number of hours and rate billed; if

there is a contingency fee agreement, Plaintiff's counsel must certify that the

contingency fee agreement complies with Florida Bar Rule 4-1.5(f).

DONE and ORDERED in chambers in Miami, Florida this 21st day of September, 2011.


CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-20198-CIV-UNGARO

COLLEEN DESCRESCENTE

     Plaintiffs,

v.

H&R BLOCK EASTERN ENTERPRISES, INC.,

     Defendants.

_____/

### ORDER ON MOTION TO SUBMIT SETTLEMENT AGREEMENT

THIS CAUSE is before the Court upon Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review. (D.E. 40.)

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises. It is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 40) is GRANTED. The parties SHALL submit the agreement on or before August 17, 2011.

DONE AND ORDERED in Chambers, Miami, Florida, this 15th day of August, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:11-CV-20190-GOODMAN

[CONSENT CASE]

RITA GREENE,

      Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES,
INC. d/b/a H&R BLOCK,

      Defendant.

_____/

## ORDER APPROVING SETTLEMENT
## AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal.[1]  Upon review of the court file, and hearing from counsel, the Court makes the following findings:

### Background and Procedural History

Plaintiff Rita Greene ("plaintiff") brought this action against defendant H&R Block Eastern Enterprises, Inc. ("H&R Block") on January 18, 2011, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime.  (D.E. 1)  Plaintiff is also a party to a separate action, *Khan, et al. v. H&R Block Eastern Enterprises, Inc. et al.*, 11-cv-20335-Cooke/Turnoff (S.D. Fla.) (the "*Khan* Litigation"), in which she claims that H&R Block violated the Florida Minimum Wage Law ("FMWL").

---

[1]    This case was referred to the Undersigned pursuant to 28 U.S.C. § 636(c)(1).

The parties engaged in full discovery in this action, including the exchanging of interrogatory responses, document request responses and documents, and responses to requests for admission, as well as the taking of nine depositions. The parties also conducted a court-ordered mediation, which ended in impasse. After further negotiation, however, the parties reached a confidential settlement of plaintiff's FLSA claim and any and all other disputes between the parties, including plaintiff's claims in the *Khan* Litigation.

On July 14, 2011, the parties filed a Joint Motion for Approval of Settlement Agreement and Entry of Order of Dismissal. (D.E. 41) Contemporaneously, the parties filed a Joint Motion to Submit the Settlement Agreement to the Court for *In Camera* Review. (D.E. 40) The Court granted in part the motion for *in camera* review of the settlement agreement (D.E. 42), and subsequently the parties filed the executed settlement agreement with the Court under seal.

On July 25, 2011, the Court held a status conference regarding the settlement agreement and heard argument by the parties in support of their joint request for the Court to approve the settlement and dismiss this action with prejudice. (D.E. 45, 46).

<u>Analysis</u>

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of

the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court finds that the parties' agreement represents a fair settlement of disputed claims under the FLSA. Plaintiff contends in this case that, during her seasonal employment with H&R Block, she worked "off the clock" without receiving overtime pay as required by the FLSA. Specifically, she alleges that she worked off the clock approximately 20 hours per week during each of the 2008, 2009, and 2010 tax seasons, with the explicit or implicit knowledge of her managers.[2] Plaintiff alleges in the *Khan* Litigation that she similarly worked off the clock under 40 hours in certain weeks without receiving minimum wage for such hours worked, including 24-64 hours each year she allegedly spent attending educational courses to become a tax professional at H&R Block. (*Khan* Compl. ¶¶ 9, 32)

H&R Block denies all liability in this action and asserts various defenses to plaintiff's claims. First, H&R Block denies that it suffered or permitted plaintiff to work any unpaid overtime, much less the 20 hours per week that she claims, and asserts that her claims are disputed by the relevant records and the testimony of plaintiff's managers. Second, H&R Block contends that plaintiff is equitably estopped from asserting a claim for unpaid overtime, because she deliberately violated company policy if she worked off the clock.

---

[2] Tax season extends from January 1 to April 15 each year. Plaintiff does not contend that she worked off the clock during the 2011 tax season.

H&R Block maintains that plaintiff's alleged damages, based on her allegation that she worked 20 hours per week off the clock, are unrealistic and cannot be proven; plaintiff regularly recorded, and was paid for, overtime work during her employment with H&R Block. Finally, H&R Block asserts that plaintiff's overtime claim is subject to a set off defense. Plaintiff received substantial amounts in end-of-season incentive payments that H&R Block claims would have been reduced by alleged overtime wages earned during the season. Thus, H&R Block contends that, to prevent plaintiff from receiving a windfall, which the FLSA abhors, plaintiff's claims for overtime wages for each tax season must be off set by the incentive payments she received for those tax seasons.

H&R Block further contends that the claims plaintiff asserts in the *Khan* case are completely without merit. Aside from the fact that H&R Block denies that plaintiff ever worked off the clock, Plaintiff earned between $19.59 and $30.18 an hour each week from 2008 to 2011. Thus, even if she worked off the clock during the tax season (which H&R Block adamantly denies), H&R Block contends there would be no minimum wage violation because her average hourly rate far exceeds the minimum wage required under the FMWL or FLSA. Moreover, H&R Block denies that plaintiff is entitled to any compensation for the educational courses at issue in *Khan* because plaintiff was not covered by the FMWL or FLSA for those courses and the courses do not constitute compensable work under the FMWL or FLSA.[3]

---

[3] As part of their confidential settlement, the parties have agreed to settle all of plaintiff's disputes with H&R Block, including plaintiff's claims in the *Khan* Litigation. As such, the parties have agreed that, if this Court approves the settlement of this action, they will file a joint stipulation for the dismissal with prejudice of plaintiff's claims in the *Khan* Litigation. Although the *Khan* Litigation is a putative class action under Rule 23, the parties take the position that the Rule's requirement for court approval of dismissals does not apply to an uncertified class action. Fed. R. Civ. P. 23(e)(1)(A) (applies to "claims, issues, or defenses of a certified class"); *id.* 41(a)(1)(ii) (plaintiff may dismiss action by stipulation "without a court order" subject to Rule 23(e)); *see also* Wright & Miller, Fed. Prac. & Proc. § 1797 ("[S]ettlements or dismissals that

The Court has reviewed the terms of the settlement *in camera* and has heard argument from the parties on the above subjects.  In light of the many sharply contested factual issues in this case, the Court finds that the settlement reached by the parties represents a significant compromise by both parties and is fair and reasonable.   Accordingly, it is

**ORDERED** and **ADJUDGED** that the parties' proposed settlement agreement is fair and reasonable, the joint motion to approve settlement (D.E. 41) is therefore **granted**, the settlement is **approved** and this action is **dismissed with prejudice**.  The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2011.

_____
Jonathan Goodman
United States Magistrate Judge

Copies to:      Counsel of Record

---

occur before class certification are outside the scope of subdivision (e).").  However, the parties agree that they will seek separate approval of the settlement in order to obtain a dismissal of the *Khan* case if they are required to do so.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DONALD KRPATA,**

        **Plaintiff,**

**v.**                              **CASE NO.  4:13-cv-427**

**KASCO SERVICES CORPORATION,**

        **Defendant.**

_____/

**ORDER GRANTING MOTION TO SUBMIT
SETTLEMENT AGREEMENT TO THE COURT
FOR *IN CAMERA* REVIEW**

      This matter is before the Court on the parties' Joint Motion to Submit

Settlement Agreement to the Court for *In Camera* Review, ECF No. 13.  Having

considered the motion, the record, and the relevant legal authorities, it is

ORDERED that the motion is **GRANTED.**  On or before **February 18, 2014,** the

Plaintiff shall submit a copy of the settlement agreement reached in this matter for

the Court's review.[1]  See *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350,

1352-55 (11th Cir. 1982) (holding that in an action brought pursuant to the Fair

Labor Standards Act, the Court must scrutinize a settlement agreement for

fairness).  The parties may submit the proposed settlement to the Court for *in*

---

[1] The Plaintiff may also submit additional materials to aid the Court in evaluating the fairness of the settlement agreement, including detailed time records of Plaintiff's counsel and a detailed invoice of fees and costs incurred in this matter.

*camera* review via U.S. Mail, email (becky_j_jones@flnd.uscourts.gov) or hand-delivery.

**SO ORDERED on February 11, 2014.**

s/Mark E. Walker
**United States District Judge**