# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER MACK, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORP.; CVS PHARMACY, INC.; GEORGIA CVS PHARMACY, LLC; and DOES 1-100,<br><br>Defendants. | CIVIL ACTION<br>No. 1:12-cv-01808-SCJ |

# ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement concerning litigation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [Doc. No. 58].[1]

Once an employee brings an action under the FLSA, a district court must scrutinize any proposed settlement of that action for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the settlement agreement presented by the parties in this action, as well as the parties'

---

[1] This document is styled as a "Notice of Filing." However, in reviewing this document in conjunction with the parties' previous motion for settlement approval and the Court's July 18, 2013 Order, the Court construes this "Notice of Filing" as a renewed motion for approval of the parties' settlement agreement.

Case 1:16-cv-01092-TCB   Document 60-1   Filed 07/24/17   Page 3 of 4
Case 1:12-cv-01808-SCJ   Document 59   Filed 08/02/13   Page 2 of 3

previously filed motion for approval of their settlement agreement. These documents sufficiently show that this action contains a *bona fide* dispute, and that there are litigation risks for all parties if this action were to proceed. Based on these facts, the Court determines that the parties' settlement agreement presents a fair and reasonable resolution to the Plaintiff's and the Opt-In's claims.

Generally, when scrutinizing FLSA settlements, district courts must also consider "the amount of plaintiffs' attorney's fees paid pursuant to those settlements." *Longcrier v. HL-A CO., Inc.*, Civil Action 08-0011-WS-C, 2009 WL 971297, at *1 (S.D. Ala. Apr. 8, 2009). However, such a review is not necessary when "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the parties agree that Plaintiff's attorneys' fees were negotiated separately from the amount of settlement proceeds Plaintiff and the Opt-Ins will receive [Doc. No. 56, 5]. Therefore, as the settlement agreement appears reasonable on its face, the Court does not believe Plaintiff's attorneys' fees were agreed to at the expense of Plaintiff's and the Opt-In's claims.[2] As a result, the Court

---

[2] More specifically, while the Plaintiff's attorneys' fees appear high, the Court is unwilling to assert Plaintiff's attorneys breached their fiduciary and professional duties to Plaintiff and the Opt-Ins in negotiating the terms of the parties' settlement agreement.

does not need to analyze the reasonableness of Plaintiff's attorneys' fees agreed to in the parties' settlement agreement.

## CONCLUSION

For the above stated reasons, the parties' Joint Motion for Approval of Settlement Agreement [Doc. No. 58] is hereby **GRANTED**. Accordingly, the parties' Settlement Agreement and Full and Final Release of Claims [Doc. No. 58-1] is hereby **APPROVED** and incorporated herein. This Court shall retain jurisdiction over this matter until the terms set forth in section 3 of the settlement agreement have been satisfied. In accordance with the terms of section 3 of the settlement agreement, Defendants are hereby **DIRECTED** to file a stipulation of dismissal with prejudice of this action within **ten (10) business days** of payment.

IT IS SO ORDERED, this 2nd day of August, 2013.

                                          s/Steve C. Jones
                                        HONORABLE STEVE C. JONES
                                        UNITED STATES DISTRICT JUDGE