IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRICK JONES and
TERRENCE BRIDGEFORTH,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiffs,

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC,

    Defendant.

CIVIL ACTION FILE

NUMBER 1:16-cv-1092-TCB

## O R D E R

This action is before the Court on Plaintiffs Darrick Jones and

Terrence Bridgeforth and Defendant FleetCor Technologies Operating

Company, LLC's joint motion for approval of proposed settlement

agreement and entry of judgment of dismissal with prejudice [60].

On April 4, 2016, Plaintiffs filed this collective action pursuant

Section 16(b) of the Fair Labor Standards Act ("FLSA"), alleging that

FleetCor denied them and other similarly-situated individuals overtime

wages. [1]. After the filing of Plaintiffs' collective action complaint, ninety-one additional current and/or former employees filed consent forms and thereby opted into the action.

The parties engaged in a comprehensive fact investigation regarding the claims in this case and conferred regarding numerous discovery issues. Both sides served written discovery requests and exchanged voluminous amounts of relevant information and data relating to Plaintiffs' pay, hours worked, and alleged unpaid overtime during the relevant periods.

On June 8 and 9, 2017, the parties reached a resolution of Plaintiffs' claims during a mediation that, if approved by the Court, would completely resolve the claims of the named Plaintiffs and all opt-in Plaintiffs. Thus, the parties filed a joint motion for *in camera* review to submit the proposed settlement agreement [59] and a joint motion for approval of proposed settlement agreement and entry of judgment of dismissal with prejudice [60].

On July 26, 2017, the Court granted the parties' motion to submit the proposed settlement agreement to the Court for *in camera* review.

[61]. In addition to providing FleetCor's payment obligations, the settlement agreement includes a confidentiality provision. The confidentiality provision not only requires Plaintiffs to refrain from divulging or communicating the terms of the agreement, but also stipulates that the parties agree to file a motion requesting the terms be reviewed *in camera* so that the agreement remains confidential.

In reviewing the settlement of a FLSA private claim, a court must "scrutinize the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

After a review of the pleadings in this case, including the agreement, the Court is satisfied that the compensation to be paid by FleetCor under the settlement represents a fair and reasonable

resolution of the disputed FLSA issues. However, even though the Court finds that the settlement was fair and reasonable in terms of compensation arguably due, it still must determine whether the final settlement agreement should be approved in light of the confidentiality provision.

"In addition to the settlement amount, confidentiality provisions in FLSA settlement agreements require scrutiny." *Hardy v. Mid-South Bells, LLC*, No. 5:15-cv-1526-MHH, 2016 WL 6395361, at *3 (N.D. Ala. Oct. 28, 2016). One of the purposes of making FLSA settlement agreements part of the public record is to further "Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Devs., Inc.*, No. 6:14-cv-615, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014). "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1283

4

(M.D. Ala. 2011) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

While district courts continue to disapprove of confidentiality provisions, there are some instances in which the provisions have been approved. *Jun Soo Lee v. Guyoungtech USA, Inc.*, No. 1:16-334-KD-B, 2017 WL 1097201, at *7 (S.D. Ala. Mar. 23, 2017). For instance, such provisions have been approved "where the plaintiffs requested the inclusion and set forth sufficient legal reasons for confidentiality." *Id.* (citing *Crabtree v. Volkert, Inc.*, No. 1:11-0529-WS-B, 2013 WL 593500, at *5 (S.D. Ala. Feb. 14, 2013)). "Confidentiality provisions have [also] been approved where a claim other than an FLSA claim was included in the settlement agreement." *Id.* (citing *Hardy v. Mid-South Bells, LLC*, No. 5:15-cv-1526-MHH, 2016 WL 6395361, at *3 (N.D. Ala. Oct. 28, 2016)). Finally, these provisions have been approved where the provision is bargained for as part of the settlement agreement. *Id.* (citing *Smith v. Aramark Corp.*, No. 6:14-cv-409, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014)).

Here, the parties do not provide any evidence demonstrating the first two scenarios. However, they do demonstrate that the confidentiality provision has been bargained for as part of the settlement agreement. For instance, in the joint motion to submit the proposed settlement agreement to the Court for *in camera* review, the parties specify that they "have carefully negotiated a settlement in this action in which the confidentiality of the parties' Agreement is an integral provision of the overall settlement . . . ." [59] at 2–3. Further, the settlement agreement contains a footnote providing that "[c]onfidentiality is a material term of this Agreement and was an express condition upon which settlement was reached." Denying the parties the right to maintain the confidentiality of the agreement would be to supplant FleetCor the benefit of its bargain. The Court is not willing to do such. Accordingly, the settlement agreement is "a fair and reasonable resolution of a bona fide dispute" and the joint motion for approval of proposed settlement agreement and entry of judgment of dismissal with prejudice [60] is granted. *Lynn's*, 679 F.2d at 1352–53. The Clerk is directed to close this case.

IT IS SO ORDERED this 3rd day of August, 2017.

Timothy C. Batten, Sr.
United States District Judge